IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD M. HUTSON, II, CHAPTER )
11 TRUSTEE FOR E-Z SERVE )
CONVENIENCE STORES, INC., et al., )
           )
    Plaintiff,     )  No. 1:06CV01037
           )
    v.        )
           )
BAY HARBOUR MANAGEMENT, L.C., )
           )
    Defendant.    )

MEMORANDUM ORDER

TILLEY, District Judge

  This matter is currently before the Court on Defendant Bay Harbour Management, L.C.'s Motion for Withdrawal of Reference to the United States Bankruptcy Court for the Middle District of North Carolina. [Doc. # 2]. For the reasons set forth below, the motion will be GRANTED.

I.

  Plaintiff is the Chapter 11 Trustee for E-Z Serve Convenience Stores, Inc. Plaintiff filed an adversary proceeding against Defendant on October 4, 2004, for the purpose of attempting to recover certain alleged preferential transfers. [Doc. # 3, ex. 1]. Defendant, who had not filed a claim in the underlying bankruptcy case, filed its Answer to the adversary proceeding complaint and made a demand for trial by jury on November 5, 2004. [Doc. # 3, ex. 4]. The parties have completed discovery and have briefed the Defendant's motion for summary judgment, which

the Bankruptcy Court denied on August 28, 2006. [Doc. # 3, ex. 7-15]. On November 30, 2006, Defendant filed the instant motion seeking withdrawal of the automatic reference to the Bankruptcy Court in order to have the adversary proceeding decided by a jury in this Court. Plaintiff agrees that Defendant is entitled to trial by jury in this adversary proceeding. [Doc. # 4].

The United States Supreme Court has held that the Seventh Amendment entitles a defendant in an adversary proceeding to a trial by jury when the defendant is sued by the bankruptcy trustee to recover an allegedly fraudulent transfer and the defendant had not previously submitted a claim against the bankruptcy estate. Granfinanciera, S.E v. Nordberg, 492 U.S. 33, 60 (1980); Langenkamp v. Culp, 498 U.S. 42, 44 (1990). In this matter, Plaintiff seeks to recover an allegedly fraudulent transfer and that Defendant had not previously submitted a claim against the bankruptcy estate. Therefore, Defendant is entitled to a trial by jury in this Court. See In re Stansbury Poplar Place, Inc., 13 F.3d 122, 126 (explaining that where the defendant in an adversary proceeding is entitled to a trial by jury, the jury trial must be conducted in the district court because "bankruptcy judges are not authorized to conduct jury trials").[1]

---

[1] Stansbury was decided prior to a 1994 amendment to 28 U.S.C. § 157, which authorized bankruptcy judges to conduct jury trials in certain situations. Section 157(e) provides: "If the right to a jury trial applies in a proceeding . . . the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). By filing this motion, it appears that Defendant does not consent to a jury trial in the bankruptcy court. Thus, § 157(e) does not apply.

2

II.

Defendant Bay Harbour Management, L.C.'s Motion for Withdrawal of Reference to the Bankruptcy Court for the Middle District of North Carolina [Doc. # 2] is GRANTED and this matter is WITHDRAWN from the Bankruptcy Court solely for the purpose of conducting a jury trial.

This the day of May 11, 2007

                                            /s/ N. Carlton Tilley, Jr.
                                            United States District Judge

3

Case 1:06-cv-01037-NCT   Document 5   Filed 05/11/07   Page 3 of 3